Follett, J.
In both of these cases proceedings in error were prosecuted in the district courts. Each one was fending in the district court, and has not been reserved to this court; and, there being no appeal, has the petition in either ease been dismissed? Or has either case been remanded to the court of common pleas ?
In the first case, the district court found, that the court of common pleas did not err in overruling the demurrers to the petitions, and the court did not dismiss the petition. It adjudged that the judgment of the court of common pleas be reversed with costs, and that the plaintiffs in error be restored to all things which they had lost by reason of the judgment.
The court did not remand the case with special directions, neither did the court remand the case to be tried on its merits. The district court simply remanded the cause to the court of common pleas to have its judgment for costs carried into effect.
In the second case, the district court found error in the court of common pleas in rendering its judgment, and the district court reversed that judgment, and restored the plaintiff in error to all things he had lost by reason thereof; and also rendered judgment in favor of the plaintiff in error against the defendant in error for costs in that behalf ex *448 pended. The district court did not reserve the case to this court; it did not remand the case to be tried on its merits, or to be disposed of in any way; but it only ordered that a special mandate be sent down to the court of common pleas to carry its judgment for costs into execution. In neither case is the judgment rendered a final judgment or order. It does not dispose of the whole case, nor of any distinct part of the case, as it must do before this court can take jurisdiction. Bevised Statutes, § 6707, provide, “An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a ji/nal order which may be vacated, modified, or reversed, as provided in this title.”
See also, Kinsley v. State, 3 Ohio St. 508; Holbrook v. Connelly, 6 Ohio St. 199; Hobbs v. Beckwith, 6 Ohio St. 252; Stubenville, etc. R. R. Co. v. Patrick, 7 Ohio St. 170; and Teaff v. Hewitt, 1 Ohio St. 511; also Bevised Stats. § 6710, as to when this court may act.
Our statutes provide for books and officers to keep an exact record of ea'ch step in a cause, and true and full statement of what is done by the parties, by the officers, and by the court. So there should be" no doubt or ambiguity as to just what is done in every stage of the case, at least by the court. The Bevised Statutes provide as follows: section 1240 requires the election, in each county, of a clerk of the court 'of common pleas.
Section 1241 requires him to give bond conditioned, among other things, “ that he will enter and record all the orders, decrees, judgments and proceedings of the courts of which he is by law the clerk,” &c.
Section 1242. “ The clerk of the court of common pleas shall also be clerk of the district court, and of any superior court held in his county.”
Section 4957. “ The clerk of the court of common pleas shall keep at least five books, to be called the appearance docket, trial docket, journal, record, and execution docket.”
*449 Section 1245. “ The cleric shall indorse on every pleading or paper in a canse filed in his office, the time of filing, and enter all orders, decrees, judgments and proceedings of the courts of which he is by law the cleric,” &c.
Section 5331. “ All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action.”
Section 5332. “ The clerk shall make a complete record of every cause,” &c.
Section 5334. “ The records shall be made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court,” etc.
Section 5335 provides how a complete record may be secured, and the record is the evidence of what is done., "When ■ such a record is secured — and all records' not impeached are held to be such — it shows all that was done in the case; and there is no room to conjecture that other things, not shown by the record, were intended.
In these cases the records do not show a final judgment, but they do show that the cases are pending in the district courts.
The motion in each case must be refused.

Motions overruled.'